IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PATSY MAE CALVERT § | |
| § | |
| v. § | |
| § | Case No. 2:18-cv-066-RSP |
| COMMISSIONER, SOCIAL § | |
| SECURITY ADMINISTRATION | |

**MEMORANDUM RULING**

On July 28, 2017, Administrative Law Judge Whitfield Haigler, Jr. issued a decision finding that Petitioner Patsy Mae Calvert was not disabled within the meaning of the Social Security Act from April 30, 2008 through December 31, 2013, the date she was last insured. Ms. Calvert, who was 66 with a high school education, was found to be suffering from severe impairments consisting of carpal tunnel syndrome, degenerative disc disease of the cervical spine, and sarcoidosis. These impairments resulted in restrictions on her ability to work, and she had not engaged in any substantial gainful activity since at least April 30, 2008. Before that time she had worked as a customer service manager and an office manager.

After reviewing the medical records and receiving the testimony at the May 11, 2017 video hearing, where Petitioner was represented by her attorney Jason Blair, the ALJ determined that Petitioner had the residual functional capacity to perform light work, as defined in the Social Security Regulations. She could occasionally lift and/or carry 20 pounds, lift and/or carry 10 pounds frequently, stand and/or walk for 5 hours and sit for 6 hours in an 8-hour workday. She can occasionally climb ladders, ropes or scaffolds, and frequently climb ramps and stairs, with all other postural activities limited to only frequently. She can reach overhead occasionally and

1

perform all other reaching frequently, with handling, fingering, keyboarding and handwriting limited to frequently. She can frequently have exposure to gases, fumes or other irritants. Mentally, she can understand, remember and carry out simple instructions on a constant basis, and can frequently understand, remember and carry out detailed and complex instructions. She can frequently engage with supervisors, co-workers and the public, and can maintain attention and concentration for extended periods. She can work at a production rate pace, can respond appropriately to work pressures, and can frequently adapt to changes in routine work settings. Based on the testimony of a vocational expert witness, Dr. William Weber, Ph.D., the ALJ determined that Petitioner could perform the requirements of her past relevant work as an office manager and supervisor of order takers (which was the DOT equivalent for her customer service manager job). This finding resulted in the determination that Petitioner was not entitled to Social Security Disability benefits. Petitioner appealed this finding to the Appeals Council, which denied review on January 17, 2018. Petitioner timely filed this action for judicial review seeking remand of the case for further proceedings.

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. See *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994), cert. denied, 514 U.S. 1120, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995). A finding of no substantial evidence will be made only where there is a "conspicuous

absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir.1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir.1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen,* 798 F.2d 818, 823 (5th Cir.1986).

Plaintiff raises two issues on this appeal:

(1) No evidence supports the step-four finding that Calvert could perform her past skilled work because the ALJ found Calvert could only perform detailed and complex instructions on a "frequent" basis.

(2) There is an unresolved conflict between the Dictionary of Occupational Titles (DOT) and the vocational expert (VE) testimony that the ALJ relied upon to find Calvert could perform her past work.

*Issue No. 1*:

Petitioner raises an interesting and imaginative argument on this issue, but one that ultimately lacks support in the law. The ALJ determined from the medical evidence that one of Petitioner's non-exertional limitations was that she could only frequently understand, remember and carry out detailed and complex instructions. Under the Social Security regulations, the capacity to perform a function only "frequently" (as opposed to constantly, or on an unlimited basis) means that it can be performed for between one-third and two-thirds of the 8-hour workday. *See* SSR 83-10 ("'Frequent' means occurring from one-third to two-thirds of the time."). Petitioner contends that her past relevant work required that there not be a continuous third of the workday when she would be unable to understand and carry out detailed and complex instructions. At the hearing, her attorney articulated this argument, and Dr. Weber agreed that, under this understanding of the meaning of "frequently," Petitioner would be unable to perform her past

3

work. (Tr. 70). However, the ALJ specifically said that he had never heard of any court or appeals council interpreting it in that fashion. (Tr. 72). The vocational expert, Dr. Weber, then confirmed that he was not applying that interpretation either. (Tr. 73).

The common sense understanding of the regulation is that the capacity to perform an activity frequently means the capacity to perform it when needed as long as it does not exceed two-thirds of the workday. It does not mean that for the first two-thirds of the workday one can perform it and for the last third of the day one cannot perform it at all. Petitioner cites no legal authority for this proposition and the Court sees none. Petitioner does not argue that her past work required performance of detailed and complex work for more than two-thirds of the workday, as it is commonly and properly understood. Nor is there any evidence of that in the record, including Petitioner's own testimony about her past work.

*Issue No. 2*:

This issue deals with whether the testimony of the vocational expert, Dr. Weber, was in conflict with the DOT as to the demands of Petitioner's past work. The parties agree that Petitioner's past work as an office manager and customer service manager are both described by the DOT as requiring the capacity for frequent reaching. Reaching refers to reaching "in any direction." The residual functional capacity determined by the ALJ provided that Petitioner could reach "overhead" only occasionally, but could reach frequently in all other directions. The ALJ described these limitations to Dr. Weber in his questioning at the hearing and Dr. Weber testified that Petitioner could perform the job without reaching overhead more than occasionally.

The legal question presented is whether the ALJ can be supported by substantial evidence if there is a conflict between the testimony of the vocational expert that petitioner can perform the

job and the description of the job in the DOT as requiring something beyond petitioner's capacity. Petitioner relies in brief on an Eighth Circuit case that weighs the DOT over the expert testimony. *Kemp v. Colvin*, 743 F.3d 630 (8th Cir. 2014). However, as Petitioner candidly acknowledges, there is a Fifth Circuit case holding that the ALJ may assign greater weight to the vocational expert's testimony. *Carey v. Apfel,* 230 F.3d 131 (5th Cir. 2000). In *Carey*, which still stands as the law of this circuit, the Court discussed at length the conflict between different circuits, including the Eighth, on this issue. The Court then held that "the DOT job descriptions should not be given a role that is exclusive of more specific vocational expert testimony with respect to the effect of an individual claimant's limitations on his or her ability to perform a particular job." *Id*. at 145. The Court went on to find that there was no direct conflict between the expert and the DOT because the DOT merely said that manual dexterity was required, but did not say it needed to be bilateral dexterity. The claimant there was an amputee, and the expert had opined that the job could be done with one hand possessing sufficient dexterity. Similarly, in the instant case, the DOT description requires frequent reaching but does not say overhead reaching, whereas the expert specifically testified that the job could be performed with only occasional overhead reaching and frequent reaching in all other directions. Under the teaching of *Carey v. Apfel*, the Court finds that the testimony of Dr. Weber constitutes substantial evidence in support of the ALJ's determination that Petitioner could perform her past relevant work up until her insured status expired.

*Conclusion:*

Having found that the record supports the finding of the ALJ, the decision of the Commissioner is affirmed and this action is dismissed.

**SIGNED this 21st day of March, 2019.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE